```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
In Re: ENGLISH SHEPPARD REALTY
CORP.,                                  MEMORANDUM AND ORDER
                                        Bankr. Case No. 09-10393 (DTE)
           Debtor,
-------------------------------X
PHILLIP D. MILLER, ESQ.          10-CV-2864 (JS)
                                 10-CV-3340 (JS)
           Appellant,

    -against-

TRACY HOPE DAVIS, United
States Trustee for Region 2,

           Appellee.
-------------------------------X
APPEARANCES:
For Appellant:     Phillip D. Miller, pro se[1]
                   33 Old Estate Road
                   Manhasset, NY 11030

For Appellee:      William E. Curtin, Jr., Esq.
                   United States Department of Justice
                   Office of the United States Trustee
                   271 Cadman Plaza East, Suite 4529
                   Brooklyn, NY 11201

For Debtor:        Charles E. Simpson, Esq.
                   Windels Marx Lane & Mittendorf LLP
                   156 West 56th Street
                   New York, NY 10019
```

---

[1] Mr. Miller, although representing himself, is an attorney. On July 6, 2010, the Supreme Court of New York Appellate Division, Second Department, suspended him from the practice of law for six months, largely for the same conduct that led to the Bankruptcy Court's disgorgement order. See Matter of Miller, 907 N.Y.S. 2d 218 (2d Dep't 2010). It is unclear if he has been readmitted yet.

SEYBERT, District Judge:

On April 13, 2010, the United States Bankruptcy Court for the Eastern District of New York ordered Appellant Phillip Miller to disgorge $146,000 in attorneys' fees he received. See In re English Sheppard Realty Corp., No. 99-10393, 2010 WL 1492272, at *4 (E.D.N.Y. Bankr. Apr. 13, 2010). On June 15, 2010, the Bankruptcy Court denied Mr. Miller's motion to alter or amend its disgorgement order. Mr. Miller now appeals both of the Bankruptcy Court's Orders. The Government has moved to consolidate these two appeals (10-CV-2684 and 10-CV-3340).

The Government's motion to consolidate is GRANTED. Having been consolidated, the Court hereby DENIES Mr. Miller's appeals.

## DISCUSSION

I. Standard of Review

"On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANK. P. 8013. The Bankruptcy Court's "finding[s] of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ." Id.; see also In re Momentum Mfg. Co., 25 F.3d 1132, 1136 (2d Cir. 1994); In re PCH Assoc., 949 F.2d 585, 597 (2d Cir. 1992). "A finding of fact is clearly erroneous when, although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Factual findings must be upheld if plausible in light of the record viewed in its entirety." Robbins Int'l, Inc. v. Robbins MBW Corp., 275 B.R. 456, 464-65 (S.D.N.Y. 2002) (internal quotations, citations omitted). The Bankruptcy Court's legal conclusions are reviewed de novo. See In re Momentum Mfg. Co., 25 F.3d at 1136.

II. Prior Proceedings

This is not the first time this Court has dealt with Mr. Miller, or the underlying bankruptcy case. On September 19, 2007, this Court affirmed a prior Bankruptcy Court Order that required Mr. Miller to disgorge $298,000 in fees. Mr. Miller then appealed that affirmance to the Second Circuit.

On April 28, 2009, the Second Circuit affirmed in part, and vacated in part. See Miller v. Sampson, 325 Fed. Appx. 25 (2d Cir. 2009). The Second Circuit "affirm[ed] that portion of the order requiring Miller to disgorge attorney fees he paid to himself from the Net Sale Proceeds" of a property that Debtor English Sheppard Realty had sold. Id. at 27. The Second Circuit affirmed because Mr. Miller: (1) "violated that portion of the Escrow Order requiring him to retain the [Net Sale] proceeds in an escrow account pending confirmation of Debtor's Chapter 11 Plan of Reorganization and distribution

3

pursuant to Court Order"; and (2) "did not obtain a fee award as required by 11 U.S.C. § 330(a)." Id. (internal quotations and citations omitted). The Second Circuit, however, vacated the portion of the order fixing disgorgement at $298,000, and remanded with instructions for the Bankruptcy Court to conduct an evidentiary hearing as to the amount of fees that Mr. Miller "paid to himself from the Net Sale Proceeds, without prior bankruptcy court authorization." Id.

III. Mr. Miller's Present Appeals

In his present appeals, Mr. Miller does not contest that the $146,000, which the Bankruptcy Court ordered disgorged, originated "from the Net Sale Proceeds" of the Debtor's property. Instead, Mr. Miller argues that, although originating from that sale, the money no longer belonged to the Debtor when he used it to pay his fees. This is because, in Mr. Miller's view, the Debtor had first used the money to purchase the stock of another company, ABSR Realty Corp., in a transaction the Bankruptcy Court ratified. Thus, Mr. Miller contends, ABSR, and not the Debtor, paid his fees.

The Court does not reach these arguments, because it is bound by the mandate rule. "The mandate rule is a branch of the law-of-the-case doctrine. This rule holds that where issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of

4

the appellate court." Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006) (internal citations and quotations omitted). "In other words, the trial court is barred from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals." Id. (internal citations and quotations omitted). Thus, "[w]hen an appellate court has once decided an issue, the trial court, at a later stage in the litigation, is under a duty to follow the appellate court's ruling on that issue." Id. (internal citations and quotations omitted).

Here, the Second Circuit held that, by using the Debtor's escrowed funds to facilitate the Debtor's purchase of ABSR, Mr. Miller "violated that portion of the Escrow Order requiring him to retain the [Net Sale] proceeds in an escrow account." Miller, 325 Fed. Appx. at 27. Consequently, the Court cannot consider Mr. Miller's argument that he acted legitimately when he used the Debtor's funds to purchase ASBR. Similarly, the Second Circuit also held he must disgorge any fees originating "from the Net Sale Proceeds." Id. Nothing in the Second Circuit's order limits this holding to Net Sale Proceeds that remained in the Debtor's legal possession, or exempts Net Sale Proceeds that Mr. Miller improperly removed from the Debtor's ledger account. Rather, on its face, it applies to all Net Sale Proceeds. Accordingly, the Court cannot consider Mr. Miller's argument that, by essentially laundering

5

the Net Sale Proceeds through ABSR (using the mechanism of a stock sale), he removed these funds from the Bankruptcy Court's jurisdiction, enabling him to then use this money to pay himself.

## CONCLUSION

If Mr. Miller wants to keep raising the arguments he presents in his appeals, he is free to do so. But the proper place for them is the Second Circuit, not this Court. For now, the Court must apply the Second Circuit's mandate. And, having done so, the Court sees no error in the Bankruptcy Court's factual findings or legal conclusions. Consequently, the Bankruptcy Court's April 13, 2010 and June 15, 2010 Orders are AFFIRMED IN THEIR ENTIRETY. Mr. Miller must disgorge $146,000. All other pending motions are DENIED AS MOOT. The Clerk of the Court is directed to mark this matter as closed.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:  March   21  , 2011
        Central Islip, New York